**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **R.K.**

**No. 21-0748** (Mercer County 20-JA-100)

**MEMORANDUM DECISION**

Petitioner Mother T.W., by counsel Gerald R. Linkous, appeals the Circuit Court of Mercer County's September 14, 2021, order terminating her parental, custodial, and guardianship rights to R.K.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine A. Campbell, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), P. Michael Magann, filed a response on the child's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court failed to make sufficient findings of fact to support termination of her parental, custodial, and guardianship rights, erred in terminating those rights instead of imposing a less-restrictive dispositional alternative, and failed to address post-termination visitation at the dispositional hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the governing law, the briefs, and the record presented, the Court finds that the circuit court erred in failing to set forth sufficient findings of fact and conclusions of law by written order or on the record to support termination of petitioner's parental, custodial, and guardianship rights. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to vacate, in part, and remand the matter for further proceedings consistent with this decision.

The DHHR filed a child abuse and neglect petition alleging that petitioner tested positive for methamphetamine at the time R.K. was born in August of 2020, and she admitted to

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

methamphetamine use. The DHHR initiated a temporary protection plan that permitted petitioner to return home with the child, under supervision. Petitioner again tested positive for methamphetamine on September 22, 2020. As a result of petitioner's positive drug screen, the DHHR took emergency custody of the child and filed the instant petition. The child was placed with his maternal grandmother upon removal from petitioner's custody.

Petitioner stipulated to the allegations contained in the petition in November of 2020, and the circuit court adjudicated her as an abusing parent based upon her stipulation. The court granted petitioner an improvement period. The terms of petitioner's improvement period included random drug screening, substance abuse treatment, supervised visitation with the child, a parental fitness evaluation, mental health treatment, and parenting and adult life skills classes. Petitioner was also required to maintain suitable housing and a stable income.

The circuit court held the final dispositional hearing. Petitioner did not appear, but counsel represented her. The circuit court heard testimony from a DHHR worker, petitioner's service provider, and a representative from the drug screening facility where petitioner was ordered to participate in random drug screening. The DHHR presented evidence that petitioner had not completed the terms of her family case plan. It reported that petitioner continued to test positive for controlled substances and failed to follow through with mental health treatment. Petitioner presented no evidence.

Petitioner moved for a less-restrictive dispositional alternative placement, such as permanent legal guardianship for the child under West Virginia Code § 49-4-604(c)(5), because the child was placed with the maternal grandmother. Ultimately, the circuit court denied petitioner's motion, stating "I'm not going to do that for . . . a year[-]old child. I'm going to terminate [the parents'] parental rights. And I find by clear and convincing evidence that it's just not salvageable. . . . So I'm going to terminate them." The court then went on to make findings regarding the child's permanency on the record. The resultant dispositional order was similarly brief. After listing the witnesses, the court terminated petitioner's parental, custodial, and guardianship rights:

> Upon consideration of the matters presented and the arguments of counsel, this Court FINDS and concludes, in the best interest of the child that:
>
> The Department is making reasonable efforts towards finalizing the permanency plan for the infant child, specifically adoption. The Court ORDERS that the parental, custodial, and guardianship rights of [the parents] be terminated as those rights relate to the infant child [R.K.]

The circuit court entered this dispositional order that terminated petitioner's parental, custodial, and guardianship rights on June 23, 2021. Later, the circuit court vacated this order and re-entered an order terminating petitioner's parental rights on September 14, 2021, essentially

extending petitioner's opportunity to appeal. This second order did not contain any additional findings of fact or conclusions of law. Petitioner now appeals the September 14, 2021, order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

As petitioner has correctly pinpointed on appeal, the circuit court failed to make adequate findings of fact and conclusions of law in writing or on the record to support its decision to terminate petitioner's parental, custodial, and guardianship rights. Rule 36(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings requires that

> [a]t the conclusion of the disposition hearing, the court shall make findings of fact and conclusions of law, in writing or on the record, as to the appropriate disposition in accordance with the provisions of W. Va. Code § 49-4-604. The court shall enter a disposition order, including findings of fact and conclusions of law, within ten (10) days of the conclusion of the hearing.

West Virginia Code § 49-4-604(c) sets forth the various dispositions to be imposed at the conclusion of abuse and neglect proceedings. Relevant to petitioner's disposition, in order to terminate a parent's parental rights, the circuit court must find that "there was no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. W. Va. Code § 49-4-604(c)(6). West Virginia Code § 49-4-604 includes other factors that the circuit court must consider prior to the termination of a parent's parental rights. *Id.*

---

[2]The father's parental, custodial, and guardianship rights were also terminated below. According to the parties, the permanency plan for the child is adoption by the maternal grandmother.

Here, the required findings are absent from the circuit court's written order and the record. This Court has held that

> [w]here a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia Code § [49-4-604] on the record or in the order, the order is inadequate.

Syl. Pt. 4, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001). Further,

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

*Id.* at 624, 558 S.E.2d at 623, Syl. Pt. 5. In *Edward B.*, we explained that "[c]lear and complete findings by the trial judge are essential to enable [the appellate court] properly to exercise and not exceed our powers of review." *Id.* at 632, 558 S.E.2d at 631 (citation omitted). Due to the complete lack of factual findings, we find it necessary to vacate and remand the circuit court's final dispositional order for the limited purpose of entry of an order that contains sufficient findings of fact and conclusions of law for appellate review.

Given the circuit court's failure to make sufficient findings and conclusions for meaningful review by this Court, we decline to address petitioner's argument that the circuit court should have imposed a less-restrictive disposition than termination of her parental rights. We note, however, that petitioner also argues that the circuit court did not address post-termination visitation between petitioner and the child. According to the guardian, the child is placed with the maternal grandmother, who also exercises custody of two of petitioner's older children pursuant to a Virginia court order. The guardian asserts that petitioner exercises visitation with these older children when she is sober and appropriate for visitation. While it appears from the record that petitioner did not request the circuit court address post-termination visitation during the dispositional hearing, the circuit court may wish to do so on remand due to the unique family dynamics at issue, and we leave that issue in the court's discretion. *See* Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002) ("When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child.") (Citation omitted).

Accordingly, the circuit court's September 14, 2021, order, is hereby vacated and remanded for the limited purpose of entry of a new order consistent with this decision, Chapter

49 of the West Virginia Code, and the Rules of Procedure for Child Abuse and Neglect Proceedings.[3] The circuit court is directed to enter a new final order within the next thirty days. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and Remanded.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

---

[3]This Court vacates the circuit court's dispositional order only as it relates to petitioner's parental, custodial, and guardianship rights.